# IN THE COURT OF APPEALS OF IOWA

————————————

No. 26-0655
Filed June 24, 2026

————————————

**In the Interest of D.C., Minor Child,**

**K.C., Mother,**
Appellant.

————————————

Appeal from the Iowa District Court for Adams County,
The Honorable Andrew Zimmerman, Judge.

————————————

**AFFIRMED**

————————————

Ling Harl of Harl Law PLLC, Ankeny, attorney for appellant mother.

Brenna Bird, Attorney General, and Mackenzie Moran, Assistant Attorney
General, attorneys for appellee State.

Karen L. Mailander of Mailander Law, PLC, Anita, attorney and guardian
ad litem for minor child.

————————————

Considered without oral argument
by Schumacher, P.J., and Ahlers and Badding, JJ.
Opinion by Ahlers, J.

**AHLERS, Judge.**

The juvenile court terminated the parental rights of the mother of a child born in 2025. Because the child was safely in the custody of the father, the father's rights were not terminated.

The mother appeals. Our review in termination-of-parental-rights cases follows a three-step process of determining (1) whether a statutory ground for termination was established; (2) whether termination is in the child's best interests; and (3) whether a permissive exception to termination should be applied to avoid termination. *In re L.A.*, 20 N.W.3d 529, 532 (Iowa Ct. App. 2025) (en banc). The mother challenges only the third step, so that is the only step we address. *See id.* Our review is de novo. *Id.*

Before addressing the issues the mother raises, we first provide some background. The child was born prematurely and started life in the neonatal intensive care unit of a hospital. To hospital staff, the mother admitted methamphetamine and marijuana use during the pregnancy. And she has a long history of mental-health issues, including diagnoses for schizophrenia with schizoaffective disorder. The child was removed from the parents' custody and left the hospital in the care of a foster family. The child was adjudicated as a child in need of assistance (CINA).

Eventually, the father progressed to the point that the juvenile court placed the child in his custody. The mother did not progress. She was in and out of mental-health facilities, in and out of jail, and failed to get either substance-use or mental-health evaluations required of her. Based on that lack of progress, the State filed a petition seeking to terminate her parental rights. Following a trial, the juvenile court granted the petition. Following our de novo review, we agree with this assessment made by the juvenile court:

[The mother] did not complete substance use treatment, SafeCare parenting education, or mental health counseling outside of involuntary settings. SafeCare discharged her unsuccessfully due to non-participation. Her impairments were such that providers could not determine her "phase of change" because her responses were inconsistent, confused, or disconnected from the questions posed. These facts demonstrate a pattern of incapacity rather than unwillingness, illustrating that reunification efforts could not succeed regardless of the level of support provided.

. . . .

Taken together, the totality of the evidence, including the circumstances at birth, [the mother]'s psychiatric history, her inability to maintain hygiene or complete visits, her chronic and unremitting mental health symptoms, her lack of progress in any service, her inability to apply information essential for basic childcare, and her period of incarceration, demonstrates that [the mother] has been and remains incapable of providing safe and minimally adequate care for [the child]. These impairments are not transient but chronic, deeply rooted, and incompatible with the responsibility of raising a young and vulnerable child.

With this background in mind, we turn to the mother's appellate challenges. As noted, the mother does not challenge the statutory grounds for termination or that termination is in the child's best interests. Instead, she alleges that two statutory exceptions in Iowa Code section 232.116(3) (2025) should apply to save the parent-child relationship. That section provides that "[t]he court need not terminate the relationship between the parent and child if the court finds any" of the circumstances listed exist. Iowa Code § 232.116(3). The listed exceptions are permissive, not mandatory, and the burden is on the parent challenging termination to prove the applicability of an exception. *In re A.S.*, 906 N.W.2d 467, 475–76 (Iowa 2018). The mother contends she met her burden to prove the applicability of section 232.116(3)(a) and (e).

Iowa Code section 232.116(3)(a) permits us to forgo termination if "[a] relative has legal custody of the child." While it is true that a relative—the child's father—has custody, "[a]n appropriate determination to terminate a parent-child relationship is not to be countermanded by the ability and willingness of a family relative to take the child. The child's best interests always remain the first consideration." *See A.S.*, 906 N.W.2d at 475 (citation omitted). And, following our de novo review, we conclude that the child's best interests are served by not applying this exception. We need not belabor the struggles the mother suffers as summarized above but simply state that this child should not be forced to endure the instability and dysfunction that those struggles would inflict on the child if the mother's rights were not terminated. So, like the district court, we decline to apply the exception to termination found in section 232.116(3)(a).

As noted, the mother also seeks application of the exception in section 232.116(3)(e), which permits denial of termination if the mother proved her absence is due to her "admission or commitment to any institution, hospital, or health facility or due to active service in the state or federal armed forces." While the mother was committed to mental-health facilities from time to time during the underlying CINA proceeding, those short-term committals were not the underlying cause of her absence from the child's life. Instead, her absence has been primarily the result of her instability and unreliability irrespective of any admission or commitment to any type of facility listed in section 232.116(3)(e). In short, we find the mother has failed to prove the applicability of that exception, so the juvenile court did not error in declining to apply it.

**AFFIRMED.**